UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TREVET R. YVILLE, SR.,                                                          PLAINTIFF
#139958

V.                              No. 4:22-CV-509-KGB-JTR

CLARK, Sgt./Officer, Pulaski County Regional
Detention Facility, *et al.*                                                    DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.   Discussion

On May 27, 2022, Plaintiff Trevet R. Yville, Sr. ("Yville") and seven other inmates[1] in the Pulaski County Regional Detention Facility ("PCRDF") jointly

---

[1] George E. Key, Jr., Joseph Barnhart, Eligah Kaufman, Brandon Smith, Billy R. Sanders, Stanley L. Bush, and Nelson Frazier.

filed a single § 1983 Complaint that was severed into eight separate lawsuits.[2] *Doc. 1*.

On June 6, 2022, the Court gave Yville thirty (30) days to either file the $402 filing and administrative fee for this action or file an Application to Proceed *In Forma Pauperis* ("IFP"). *Doc. 2 at 3*. Importantly, this Order cautioned Yville that if he did not timely comply, his case would be dismissed, without prejudice. *Id.*

On June 13, 2022, the copy of the June 6 Order mailed to Yville at his address of record, the PCRDF, was returned undelivered stamped "Return to Sender," along with the handwritten notation "No Longer Here." *Doc. 4*. A subsequent mailing sent to Yville at the PCRDF was likewise returned undelivered on July 15, 2022. *Doc. 5*.

On July 29, 2022, the Court informed Yville that, if he wished to continue pursuing this lawsuit, he must, within 30 days: (1) file a notice of his current mailing address; *and* (2) either pay the $402.00 filing fee, in full, or file an IFP Application. *Doc. 6*. Again, Yville was cautioned that if he did not timely and properly comply with the Order, his case could be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).[3]

---

[2] *See* Case Nos. 4:22-cv-507-KGB-JTR through 4:22-cv-514-KGB-JTR.
[3] Local Rule 5.5(c)(2) provides, in relevant part:
> It is the duty of any party not represented by counsel to promptly notify he Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be

Yville has not complied with the July 29 Order,[4] and the time to do so has expired. Accordingly, his Complaint should be dismissed, without prejudice, for lack of prosecution.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT Yville's Complaint be DISMISSED, WITHOUT PREJUDICE.

Dated this 9th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

[4] The July 29 Order was also returned undelivered. *Doc. 7.*